MITCHELL et al. v. MITCHELL.

(Supreme Court, Appellate Division, Second Department.   March 29, 1912.)

WILLS (§ 865*)—BEQUESTS—PARTIAL INTESTACY.

    Under a will directing the sale of all of testator's property and the division of the proceeds equally among W., F., and C., deducting from the share of W. $1,000, there is no intestacy as to the $1,000, but it is to be divided equally between F. and C.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2188–2199; Dec. Dig. § 865.*]

Submission of controversy, pursuant to Code Civ. Proc. §§ 1279, 1281, between Frank F. Mitchell and another, individually and as executors of John Mitchell, deceased, as plaintiffs, and William E. Mitchell, individually and as executor of said decedent, as defendant. Judgment for plaintiffs.

See, also, 143 App. Div. 172, 127 N. Y. Supp. 1065.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

George S. Ingraham, for plaintiffs.
Arnon L. Squiers (Rufus L. Scott, Jr., on the brief), for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HIRSCHBERG, J.　One John Mitchell died February 10, 1897, survived by his wife and three sons, who were his only heirs at law and next of kin.　He left a last will and testament, appointing his three sons joint executors thereof, and devising and bequeathing to them as such executors all his property, to hold in trust during the lifetime of his wife for her sole benefit.　The will contained the following directions for the disposition of the principal of said trust estate upon the death of the wife:

"Third.—After the death of my wife I direct my executors to sell all of my real estate and personal property which may be then remaining in their hands and to divide the proceeds thereof together with any other moneys belonging to my estate which may be in their hands equally among my three sons, William E. Mitchell, Frank F. Mitchell and Charles L. Mitchell deducting from the share of my son William E., the sum of one thousand dollars.

"Fourth.—In the event of the death of either of my sons before my wife, I will and direct that the share of my son or sons so dying shall be paid to his or their legal heirs."

The wife died April 12, 1909, survived by the three sons, who now are acting as said joint executors, and who have submitted this controversy in order to obtain a judicial determination regarding the disposition of the $1,000 directed to be deducted from William's share of the corpus of the trust estate.　The plaintiffs claim that the $1,000 should be deducted from William's share and added to their shares. The defendant claims that the $1,000 deducted from his share has not been bequeathed, and that it passes by intestacy to the testator's next of kin.

It seems to us that a consideration of the language used by the testator shows an intention to bequeath the $1,000 in question, and that the language employed is legally adequate to consummate that intention.　By the third paragraph the executors are specifically directed to divide "all" the estate among the three sons designated by name, and such language clearly carries the entire estate to them.　The remainder of the paragraph is merely a statement of the proportion or method according to which the division shall be made among the three sons. The division is to be made by giving due consideration both to the direction for a deduction from William's share and the direction for equality, each of which directions to some extent limits the other, and both of which must be considered in ascertaining the testator's intention regarding the amount given to each beneficiary.　So construing the will, and giving weight to each expression and phrase employed, it would seem to have been the testator's intention that upon the death of the life tenant the executors should convert the estate into personalty and divide the entire amount thereof among the designated beneficiaries as equally as possible, allowing for a $1,000 deduction from William's third.　Such a division would give Frank and Charles equal shares, each $500 in excess of William's share, which latter share would be equivalent to one-third of the estate, less the directed deduction of $1,000.

The elementary rules for the construction of wills require adherence to the testamentary intent and the avoidance of intestacy, if possible. The defendant's objection to the distribution herein suggested is based entirely upon the assumed applicability of the well-settled rule that,

where the disposition of an aliquot part of a residuary bequest fails, such part passes as undisposed of, rather than in augmentation of the remaining parts, as a residue of residue. Jarman on Wills (6th Ed.) vol. 1, p. 738. Such rule and the authorities cited by the defendant have no pertinency, because in the will before us there has been a valid bequest of the entire estate to designated beneficiaries, and the phrase relied upon as taking an aliquot part thereof out of the bequest relates solely to the measurement or division of the property bequeathed. In other words, the deduction directed by the testator from one share qualifies to that extent the equality of the distribution, but does not qualify the entirety of the bequest to the three sole residuary beneficiaries. In Skrymsher v. Northcote, 1 Sw. Rep. 566, cited in Jarman, supra, a moiety of the residue had been specifically bequeathed to one H., and thereafter the testator had revoked the gift, without designating any beneficiary in place of H. Under such circumstances the property was obviously undisposed of by the will. In Matter of Hoffman, 201 N. Y. 247, 94 N. E. 990, cited by the defendant, certain of the residuary legatees had predeceased the testator, and there was no provision in the will for the disposition of their legacies in the event of such a contingency. Obviously, these cases are not controlling, if even pertinent.

Judgment is directed for the plaintiffs in accordance with the terms of the submission. All concur.